IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


IN RE DELTA/AIRTRAN BAGGAGE   )      CIVIL ACTION FILE
FEE ANTITRUST LITIGATION        )      NUMBER 1:09-md-2089-TCB


## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DELTA FOR FAILURE TO ADEQUATELY RESPOND TO DISCOVERY REQUESTS and MOTION TO COMPEL DELTA TO SEARCH FOR RECOVERABLE DELETED ITEMS

On September 12, 2012, Plaintiffs' counsel emailed to the Court a

three-page letter (attached hereto) about a discovery dispute between them

and Defendant Delta Air Lines, Inc. regarding the adequacy and

completeness of Delta's document production (the "September dispute").

The September dispute centers on Plaintiffs' "concerns that Delta is

continuing to withhold documents about its collection and preservation

efforts in hopes that the Court and Plaintiffs will be so exhausted by these

discovery issues that the Court and Plaintiffs will give up trying to compel

the production of relevant information." Plaintiffs identify three reasons

the Court must again address Delta's document production:

1. Plaintiffs renew their contention that Delta has not conducted a diligent search for responsive documents.  Indeed, Plaintiffs assert that Delta recently "located responsive documents in Delta's CSIRT's offices that had been collected years ago."

2. Plaintiffs contend that Delta has made numerous misrepresentations to the Court and Plaintiffs about its document preservation, collection and production efforts.

3. Finally, Plaintiffs assert that Delta concealed from them and the Court "additional instances in which it spoliated relevant documents."

On September 24, Delta's counsel emailed the Court Delta's five-page response (attached hereto).  On October 1, Plaintiffs' counsel emailed the Court their reply (attached hereto); on October 5, Delta's counsel emailed the Court its surreply; and on October 10, Plaintiffs' counsel emailed the Court their sur-surreply (all attached hereto).

In its letters to the Court about this dispute, Delta vehemently denied that there were any additional issues with its document preservation, collection and production.  However, on October 24, Delta's counsel emailed the Court a four-page letter (attached hereto), in which it admitted

that it had recently learned that all of Delta's back-up tapes had not been turned over to PricewaterhouseCoopers ("PwC") during the discovery issue the Court addressed last year and resolved in an order earlier this year.[1]  In its letter, Delta's counsel proposed that the Court appoint an independent expert to review Delta's files and discovery efforts.  On November 1, Plaintiffs' counsel emailed the Court a letter in which they objected to the appointment of an expert (attached hereto).  Later that day, the Court issued an order that denied Delta's request that an independent expert be appointed.

On November 1, Plaintiffs' counsel also emailed to the Court a four-page letter (attached hereto) about yet another discovery dispute between them and Delta regarding "recoverable deleted items" (the "November dispute").  The November dispute arises from Plaintiffs' "request that Delta be ordered to make available to Plaintiffs' IT vendor relevant images, hard drives, backup tapes, or other electronic systems that may contain recoverable deleted items."  Plaintiffs contend that Delta had a duty to search for recoverable-deleted items, has yet to complete such a search, and refuses to complete the search.

---

[1] The Court's February 3, 2012 order, *In re Delta/AirTran Baggage Fee Antitrust Litigation*, 846 F. Supp. 2d 1335 (N.D. Ga. 2012), thoroughly details this issue.

On November 9, Delta's counsel emailed the Court Delta's eleven-page response (attached hereto).  On November 16, Plaintiffs' counsel emailed the Court Plaintiffs' nine-page reply (attached hereto).  In its November 16 letter and accompanying proposed order, Plaintiffs ask that their own expert be allowed access to Delta's hard drives, backup tapes and any other electronic data that is reasonably likely to contain responsive recoverable-deleted items.

On November 16, Delta's counsel also emailed a letter to the Court (attached hereto), updating the Court on Delta's review of additional backup tapes and informing the Court that Delta will be scanning the remaining backup tapes collected by PwC.

The Court has carefully considered the emails and exhibits and holds as follows:

- Plaintiffs shall retain and promptly inform the Court and Delta of the identity of a discovery expert.

- Within thirty days of this Order, Plaintiffs' expert shall, with Delta's full cooperation,

    o Prepare a report identifying the sources from which Delta has collected and preserved documents that are

4

responsive to Plaintiffs' discovery requests, identifying the location of such documents, describing the efforts undertaken by Delta to preserve such documents, and indicating whether recoverable-deleted items on those sources were searched, collected and preserved.

o   Investigate whether there are sources of documents relevant to Delta's first-bag-fee decision that have not been collected or preserved by Delta.  This includes previously searched sources that contain recoverable-deleted items that have not yet been searched, collected and produced.  Plaintiffs' expert's report shall identify all such sources, if any.

o   Investigate whether electronically stored information, including recoverable-deleted items and the .pst files, that is likely to contain documents relevant to Plaintiffs' claims has been lost or destroyed.  Plaintiffs' expert's report shall identify the lost or destroyed ESI, if any.

o   Include in the report a list for Delta's counsel identifying any new sources of documents (recovered or previously

unsearched) discovered during the expert's investigation. Plaintiffs' expert shall describe the documents in a reasonably convenient and searchable form to Delta's counsel, along with, to the extent possible, the information showing when any files were created, accessed, copied or deleted, and information about the deletion and the contents of deleted files that could not be recovered.

o Deliver the report to Delta's counsel and the Court for in camera inspection.

- Within twenty-one days of receipt of Plaintiffs' expert's report, Delta's counsel shall review the records for privilege and responsiveness, appropriately supplement Delta's responses to Plaintiffs' discovery requests, and produce to Plaintiffs' counsel all responsive and non-privileged documents and information, in addition to a privilege log that expressly identifies each privilege and describes "the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable

other parties to assess the applicability of the privilege or
protection." FED. R. CIV. P. 26(b)(5)(A).

- Within twenty-one days after Delta's production of additional
  discovery responses, documents and tangible things (and the
  privilege log), if Plaintiffs continue to have a discovery dispute,
  Plaintiffs' counsel shall attempt to resolve the dispute with Delta's
  counsel by agreement.  If unable to do so, Plaintiffs shall file a
  motion to compel discovery.

Plaintiffs' expert and any of its employees will be subject to the
confidentiality order [51] filed in this case.  To the extent that Delta
discloses information to Plaintiffs' expert that is protected by the attorney-
client privilege, the work-product doctrine, or other applicable privilege,
such disclosure will not result in any waiver of Delta's privilege.

Plaintiffs' expert will be granted reasonable access to Delta's
employees for purposes of complying with this Order.  Delta will also make
available to Plaintiffs' expert, at a mutually agreeable time and place, hard
drives and backup tapes that Delta has collected in connection with this
case, and other electronic data that is reasonably likely to contain
documents responsive to Plaintiffs' discovery requests.

If direct access to a data source is necessary for Plaintiffs' expert to comply with this Order, such access shall be provided.  Plaintiffs' expert will use its best efforts to avoid unnecessarily disrupting the normal activities or business operations of Delta, and it may not remove Delta's computer equipment from Delta's premises unless authorized by Delta.  Moreover, only Plaintiffs' expert and its employees are authorized to handle Delta's equipment.  Plaintiffs' counsel will not be permitted to inspect the contents of or otherwise handle the equipment produced.  Plaintiffs' counsel is authorized to attend meetings or conferences between their expert and Delta, if any.  Plaintiffs' expert and its employees will maintain all information in the strictest confidence.  Furthermore, Plaintiffs' expert will maintain a copy of the work it performed pursuant to this Order until sixty days after the conclusion of this case.

To the extent that modifications to this Order are necessary, the parties will meet and confer and submit any proposed modifications to the Court.  As always, the Court prefers that the parties resolves these issues without the Court's intervention.

In addition, on September 24, 2012, the Court issued an order allowing Plaintiffs to file a ninety-five-page brief in opposition to

8

Defendants' motions for summary judgment.  The Court hereby amends that order as follows: Plaintiffs will be allowed to file a consolidated brief in opposition to Defendants' motions for summary judgment that shall not exceed seventy-five pages and a thirty-five-page surreply brief.  After Plaintiffs file their surreply brief, the Court will not allow any other briefs or motions with respect to the motions for summary judgment, e.g., a motion from Defendants seeking leave to file a sur-surreply brief.

Finally, in their many letters to the Court, Plaintiffs have asked for myriad sanctions against Delta, including denial of its motion for summary judgment.  Delta will be responsible for paying for all fees and costs associated with Plaintiffs' expert, incurred by Plaintiffs' counsel as a result of the September and November disputes, and incurred by Plaintiffs' counsel as a result of the directives in this Order.  The Court will determine whether any additional sanctions against Delta are necessary after review of Plaintiffs' expert's report and the parties' filings with respect to Defendants' pending motions for summary judgment.

The case schedule going forward is as follows:

- Within thirty days of receiving Delta's supplemental responses and documents (if any), Plaintiffs shall file their consolidated

brief in opposition to Defendants' motions for summary judgment, and Defendants shall file their briefs in opposition to Plaintiffs' supplemental class-certification brief.

- Within twenty-one days of Plaintiffs' opposition brief being filed, Defendants shall file their reply briefs, not to exceed twenty-five pages, and Plaintiffs may file a reply brief to their supplemental class-certification brief.

IT IS SO ORDERED this 19th day of November, 2012.

_____
Timothy C. Batten, Sr.
United States District Judge