IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE DELTA/AIRTRAN BAGGAGE FEE ANTITRUST LITIGATION | ) ) ) ) ) | CIVIL ACTION FILE NUMBER 1:09-md-2089-TCB ALL CASES |

**RESPONSE OF AIRTRAN AIRWAYS, INC.
TO PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DELTA AIR LINES, INC.**

AirTran Airways, Inc. ("AirTran") takes no position on Plaintiffs' Motion for Discovery Sanctions (Dkt. 413) against Delta Air Lines, Inc. ("Delta"). While plaintiffs contend that Delta spoliated evidence, Mr. Flint told the Court on July 24, 2013 that "We have no evidence that AirTran has done the same." (Tr. at 11:5-6)  As the Court has recognized several times already, AirTran's principal interest in these discovery disputes is to ensure that its defense of this case is not prejudiced.

**1.     AirTran Should Not Be Prejudiced by Any Sanctions the Court May Order Against Delta.**

Plaintiffs ask the Court to award a range of merits-based sanctions against Delta.  First, they ask that Delta be precluded from disputing the existence of a conspiracy.  (Plaintiffs' Mem. at 28)  As an alternative, they ask the Court to

"require" the jury to draw an adverse inference against Delta. (*Id.*) As a second alternative, they argue that a permissive adverse inference would be appropriate. (*Id.* at 29-30)

Any one of those sanctions would create significant risk of prejudice to AirTran. Plaintiffs allege an antitrust conspiracy with only two participants—AirTran and Delta. If the jury is instructed that Delta participated in a conspiracy, or if the jury is told it must draw that inference, it would be impossible for the jury to ignore that instruction and start from a clean slate for AirTran when considering whether a conspiracy existed at all. Similarly, if the jury were told it is permitted to draw adverse inferences against Delta, those inferences would undoubtedly influence its assessment in the case against AirTran to determine whether there was a conspiracy. From the perspective of a lay jury, once it is told that there was a conspiracy, or it applies inferences to reach that conclusion, then logically AirTran must have conspired too. AirTran's defense that there is no evidence of an antitrust conspiracy would be unfairly undermined. Indeed, an instruction to the jury that there is a conspiracy would violate AirTran's Seventh Amendment right to a trial by jury and its right to due process.[1]

---

[1] At the hearing on July 24, 2013, Mr. Flint referred to a decision by Judge Posner which he said shows "AirTran will not be tarred with what Delta has done." (Tr. at 11:16-17) That case, *In re High Fructose Corn Syrup Antitrust Litigation*,

The evidence that plaintiffs apparently intend to present would also unfairly prejudice AirTran. They say that there is "at least a fact question about whether [Delta] spoliated evidence in bad faith." (Plaintiffs' Mem. at 29) Plaintiffs apparently plan to present evidence concerning Delta's alleged discovery failures and its intent.

Thus, a trial on whether there was an antitrust conspiracy would turn into a trial about whether Delta intentionally destroyed evidence that might have existed to prove a conspiracy. AirTran's defense is that same as Delta's: there is no evidence of a conspiracy. Plaintiffs apparently want to fill that gap by asking the jury to infer conspiracy from the lack of evidence supporting that claim in Delta's files. In the process, AirTran would be unfairly prejudiced. Because the evidence of conspiracy is non-existent, plaintiffs may try to use Delta's alleged destruction

---

361 F.3d 439 (7th Cir. 2004), considered whether the district court had the power to order separate juries because some particularly damaging evidence was admissible against only one defendant. The court said that the juries might reach inconsistent verdicts on the different evidence. However, there, unlike this case, there were other alleged co-conspirators who "would be candidates to be other firms that had conspired" with the first defendant. *Id.* at 441. Here, there is only AirTran. Further, while the Seventh Circuit approved the use of two juries in that case, it is difficult to see how a similar procedure could work here where the issues concerning Delta and AirTran overlap so significantly. The former Fifth Circuit cautioned that bifurcating trials for separate juries can raise Seventh Amendment concerns "for the very practical reason that if separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each jury could be inconsistent." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978).

of evidence to prove a conspiracy not only against Delta but also against AirTran. Even if plaintiffs do not argue the point overtly against AirTran, the jury cannot reasonably be expected to consider whether the alleged spoliation explains the lack of conspiracy evidence against Delta but not for AirTran, the only other alleged conspirator. As a practical matter, AirTran may have to defend Delta's discovery efforts in order to avoid prejudicial spillover of adverse inferences.

A limiting instruction would not adequately protect AirTran. Courts have recognized that juries cannot realistically segregate highly prejudicial evidence that is admissible against one defendant but not the other. In a case where one alleged conspirator made an out-of-court confession incriminating both defendants, the Supreme Court said that a limiting instruction would not provide adequate protection:

> "The fact of the matter is that too often such admonition against misuse is intrinsically ineffective in that the effect of such a nonadmissible declaration cannot be wiped from the brains of the jurors. The admonition therefore becomes a futile collocation of words and fails of its purpose as a legal protection to defendants against whom such a declaration should not tell". . . . "The Government should not have the windfall of having the jury be influenced by evidence against a defendant which, as a matter of law, they should not consider but which they cannot put out of their minds."

*Bruton v. United States*, 391 U.S. 123, 129 (1968) (quoting *Delli Paoli v. United States*, 352 U.S. 232, 247-48 (1957) (Frankfurter, J., dissenting)). The Court went

on to say that the 'naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction'...." *Id.* (quoting *Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring)). Similarly, the former Fifth Circuit and the Eleventh Circuit have held that one alleged conspirator cannot be unfairly prejudiced by evidence admissible only against the other alleged co-conspirator. *See United States v. Johnson*, 478 F.2d 1129, 1134 (5th Cir. 1973) (district court abused its discretion by refusing to sever trials where one defendant's defense incriminated the other); *United States v. Pedrick*, 181 F.3d 1264, 1267, 1273 (11th Cir. 1999) (affirming order granting new trial where one defendant was prejudiced by evidence admitted against the other).

Any trial where plaintiffs try to prove their spoliation claims against Delta would unfairly prejudice AirTran. Plaintiffs would try at every turn to change the subject from the absence of evidence of conspiracy to the alleged bad acts of Delta. In the process, the jury would be unfairly influenced to believe that there was a conspiracy between AirTran and Delta, and AirTran's constitutional right to defend itself would be irreparably prejudiced.

5

### 2. Plaintiffs' Appendix of Newly Produced Evidence Does Not Support their Claims of Conspiracy.

In their zeal to pursue discovery sanctions against Delta, plaintiffs lost sight of whether the last two years of effort would unearth any evidence of a conspiracy. The Court has tried to remind plaintiffs that the focus must remain on the central question of this case—is there evidence of an antitrust conspiracy?  When the Court ordered sanctions against Delta two years ago, it said "[n]oticeably absent from Plaintiffs' August 26 letter to the Court is a complete response to Delta's contention" that there is no new evidence of a conspiracy.  (Order at 22, Feb. 3, 2012 (Dkt. 302))  The Court described the one document plaintiffs cited as "tepid support" for their claims.  (*Id.* at 24)  The Court observed "if Plaintiffs had better examples of how the new documents show that Defendants conspired to impose a first-bag fee, surely they would have said so in their August 26 letter."  (*Id.* at 23)  Seventeen months later, after reviewing the results from plaintiffs' ediscovery expert, the Court said "[o]f the documents identified as 'responsive' and included with Precision's report that the Court has reviewed, none appears to be evidence of a conspiracy between Delta and AirTran or evidence that Delta spoliated other relevant evidence."  (Order at 39, Sept. 25, 2013 (Dkt. 394))  Thus, when the Court said that plaintiffs could file this motion for discovery sanctions against Delta, it ordered "Plaintiffs shall provide with their motion documents or tangible things

that support their conspiracy claim or their contention that Delta has lost or destroyed relevant evidence." (*Id.* at 41)

Plaintiffs responded to the Court's instruction by submitting with their sanctions motion Appendix C, which purports to summarize the newly produced evidence of conspiracy.[2] Plaintiffs' submission confirms the Court's prior observations that the exhaustive search through Delta's files has revealed no evidence of a conspiracy.

What stands out from the documents is how inconsequential they are. After Delta has turned itself inside-out, not one of plaintiffs' documents shows, or even suggests, a conspiracy. In this day and age where electronic documents are copied in so many places that they exist forever, there is not a single bag fee communication between AirTran and Delta. Nor is there any document that refers to, or implies there were, such communications or contacts between Delta and AirTran decision-makers.

AirTran will respond to plaintiffs' evidence in due course on summary judgment. We observe, however, that they are largely business plans, transcripts

---

[2]   Two of the documents that plaintiffs submit in their appendix (Exs. 197 & 198) are from AirTran's files. They are not new. They were produced years ago, and plaintiffs questioned AirTran's witnesses about them. As for the remaining documents from Delta, AirTran has not tried to ascertain whether they are truly new, or if they were produced in the same or similar form in prior productions.

7

and documents that barely mention first bag fees, if they mention bag fees at all. To the extent the documents do discuss bag fees, they show no more than that people within Delta held different views about the subject. It is hardly remarkable that there were different views or that Delta encouraged those viewpoints to be heard, but those internal differences within Delta do not provide the slightest evidence of an agreement with AirTran. Apparently recognizing there is no newly unearthed evidence of conspiracy, plaintiffs say that the evidence supports so-called "plus factors" from which a conspiracy can be inferred, but there is nothing new there either. For example, many of the documents show that the price of jet fuel was declining in late 2008 when AirTran and Delta decided to adopt first bag fees, which plaintiffs argue is evidence that AirTran and Delta did not act in their independent economic self-interest.[3] But plaintiffs have made that argument from the beginning of this case,[4] and the Appendix C documents do not add to the weight of that evidence. Other documents show that demand for air travel was

---

[3]   *E.g.*, Exs. 158 (Delta Three-Year Business Plan), 159 (transcript of investor conference), 161 (charts of oil prices).

[4]   *See* Consol. Am. Class Action Compl. ¶ 60, Feb. 1, 2010 (Dkt. 53) ("By the time AirTran and Delta implemented the first bag fee, oil cost about $41 a barrel, which was less than half its January 2008 price (when AirTran planned to grow capacity by 10 percent) and substantially below the $100 a barrel threshold that AirTran needed to earn a profit.").

declining as the recession deepened,[5] which is also nothing new.[6] The fact that plaintiffs have only such unremarkable documents to submit confirms that there is no evidence of conspiracy.

## Conclusion

An award of merits-based sanctions against Delta would significantly complicate this case and could unfairly prejudice AirTran's constitutional right to assert its defense to these claims. If a sanction is imposed, AirTran will consider what steps it will ask the Court to take to protect it from unfair prejudice.

February 6, 2014                    Respectfully submitted,

/s/ Alden L. Atkins
Alden L. Atkins
Vincent van Panhuys
Kathryn Codd
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 - West
Washington, DC 20037
Phone: 202-639-6613
Fax: 202-879-8813
aatkins@velaw.com

---

[5]    *E.g.,* Exs. 164 (Financial Update), 165 (Finance Committee presentation), 166 (2009 Operating Plan).

[6]    *See* Consol. Am. Class Action Compl. ¶ 60 ("Moreover, Atlanta and the country were in the grips of the worst recession since the Great Depression and demand for airline travel was declining as consumers were traveling less.").

Roger W. Fones
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., N.W.
Suite 6000
Washington, DC 20006
Phone: 202-887-1500
Fax: 202-881-0763
rfones@mofo.com

Bert W. Rein
WILEY REIN LLP
1776 K Street NW
Washington, DC  20006
Telephone:  202-719-7080
Facsimile: 202-719-7049
brein@wileyrein.com

Thomas W. Rhodes
Wm. Parker Sanders
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Phone: 404-815-3551
Fax 404-685-6851
trhodes@sgrlaw.com

*Counsel for Defendant*
*AirTran Airways, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE DELTA/AIRTRAN BAGGAGE FEE ANTITRUST LITIGATION | ) ) ) ) ) | CIVIL ACTION NO. 1:09-md-2089-TCB ALL CASES |

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2014, I provided Response of AirTran Airways, Inc. to Plaintiffs' Motion for Sanctions Against Delta Air Lines, Inc. to the following counsel of record:

*Interim Liaison Counsel for Plaintiffs:*

David H. Flint
SCHREEDER, WHEELER & FLINT LLP
1100 Peachtree Street
Suite 800
Atlanta, GA  30309
dflint@swfllp.com
jheald@swfllp.com

*Interim Co-Lead Counsel for Plaintiffs:*

Daniel A. Kotchen
Daniel L. Low
KOTCHEN & LOW LLP
2300 M Street NW, Suite 800
Washington, DC  20037
dkotchen@kotchen.com
dlow@kotchen.com

*Counsel for Defendant Delta Air, Inc. (Delta")*

Randall Lee Allen
ALSTON & BIRD
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA  30309-3424
randall.allen@alston.com


James P. Denvir
BOIES SCHILLER & FLEXNER-DC
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
jdenvir@bsfllp.com

February 6, 2014                    Respectfully submitted,

                                    /s/ Alden L. Atkins

                                    Alden L. Atkins
                                    VINSON & ELKINS LLP
                                    2200 Pennsylvania Avenue, NW
                                    Suite 500 West
                                    Washington, DC  20037-1701
                                    Telephone:  202-639-6613
                                    Facsimile: 202-839-8813
                                    aatkins@velaw.com

                                    *Counsel for Defendant*
                                    *AirTran Airways, Inc.*